UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD S. TAYLOR, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:12 CV 2278 RWS |
| TROY STEELE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

On March 31, 2019, I issued an order and judgment denying Petitioner Leonard S. Taylor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Taylor filed a motion to alter or amend my judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) gives a court power to rectify its own mistakes following an entry of judgment. White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to "correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks and citation omitted). They cannot be used to relitigate old matters or to raise new arguments, tender new legal theories, or present evidence that could have been offered

or raised before the entry of judgment. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008).

Taylor raises two issues in his motion to alter or amend. First, Taylor asserts that I erred in finding that the ruling in Martinez v. Ryan, 566 U.S. 1 (2012) did not excuse the procedural default of his ineffective assistance of trial counsel claim. Taylor asserts that his trial counsel was constitutionally ineffective for complying with Taylor's directive not to make a closing argument at the penalty phase of the trial. Under Martinez, a petitioner must establish that his initial postconviction counsel was constitutionally ineffective for failing to raise an ineffective assistance of trial counsel claim and that the underlying ineffective assistance of trial counsel claim is a substantial claim, that is, that it has merit. Id. at 15. Taylor asserts that my grant of a certificate of appealability on the issue of who controls the ultimate decision to make a closing argument at the penalty phase of a case dictates that Taylor meets the substantial claim prong of Martinez. However, the Martinez exception is not met because I concluded that Taylor did not raise a meritorious claim regarding this issue. I found that the client rather than his counsel has the ultimate authority to decide whether to waive closing argument.

Under the certificate of appealability standard, I must first find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is "a showing that issues

are debatable among reasonable jurists, [that] a court could resolve the issues differently, or [that] the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Although I concluded Taylor's claim did not have merit, I also concluded that the issue may be debatable among reasonable jurists. As a result, I issued a certificate of appealability to give Taylor the opportunity to challenge my ruling on appeal.

Despite finding that Martinez did not apply to Taylor's ineffective assistance claim I reached this claim on the merits. In his present motion Taylor challenges my decision on the merits. However, Taylor's dispute with my analysis is not grounds for a Rule 59(e) motion.

The other issue Taylor raises is my decision regarding his speedy trial ground for relief. Taylor seeks to relitigate my ruling. This is not a proper ground for a Rule 59(e) motion. As a result, I will deny Taylor's Rule 59(e) motion,

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Leonard S. Taylor's motion to alter or amend judgment pursuant to Rule 59(e) [54] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2019.